1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM HOWELL, et al.,

Plaintiffs,

v.

THE GRADALL COMPANY, et al.,

Defendants.

CASE NO. C13-742RAJ

ORDER

This matter comes before the court on two expedited Local Civil Rule 37 motions. Dkt. ## 15, 17; Local Rules W.D. Wash. CR ("LCR") 37.  Plaintiffs move the court for an order (1) allowing them to serve 43 interrogatories in addition to the 34 interrogatories already served, and (2) compelling additional responses to seven interrogatories. Defendant The Gradall Company opposes both motions.

This is a products liability case alleging claims for strict liability for design and construction defects, negligence in designing, testing, manufacturing and inspecting the product, and breach of express and implied warranties that the product was fit and safe for the intended purpose, that the product was not fit for the particular purpose for which it was used, and that it was not of merchantable quality.

ORDER- 1

1   The court has broad discretion to control discovery. *Avila v. Willits Envtl.*

2   *Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by

3   several principles. Most importantly, the scope of discovery is broad. A party must

4   respond to any discovery request that is "reasonably calculated to lead to the discovery of

5   admissible evidence." Fed. R. Civ. P. 26(b)(1). The court, however, must limit

6   discovery where it is "unreasonably cumulative or duplicative, or can be obtained from

7   some other source that is more convenient, less burdensome, or less expensive" or its

8   "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the

9   amount in controversy, the parties' resources, the importance of the issues at stake in the

10  action, and the importance of the discovery in resolving these issues." Fed. R. Civ. Proc.

11  26(b)(2)(C)(i), (iii). Parties are limited to twenty-five interrogatories, unless stipulated or

12  ordered by the court consistent with Rule 26(b)(2). Fed. R. Civ. Proc. 33(a)(1).

13  **A.    Request for 43 Additional Interrogatories**

14      Defendant essentially provides three reasons why the court should deny plaintiff's

15  motion: The additional questions "either (1) could be answered by plaintiffs' attorney or

16  paralegal more carefully reviewing the documents already produced by Gradall; (2) could

17  be more efficiently be [sic] answered during a deposition of a Gradall representative; or

18  (3) could be answered by plaintiffs' experts performing their own analysis of the design

19  drawings and test reports previously produced." Dkt. # 15 at 6.

20      With respect to the first argument, defendant has not provided the court with an

21  understanding of which interrogatories would be unreasonably cumulative or duplicative

22  such that plaintiffs' attorney could simply review documents already produced. With

23  respect to the second argument, it is true that many of the interrogatories proposed could

24  easily be answered during a deposition of a company representative or reframed into a

25  request for admission and/or production. However, simply because certain questions

26  *could* be posed at a deposition does not mean that the information is available from

27

ORDER- 2

1  another source that is more convenient, less burdensome, or less expensive.  Presumably,

2  defendant would still have to prepare company representatives to provide relevant

3  testimony with respect to the topics included in the proposed interrogatories, including

4  information regarding the design, manufacture, and specifications of the Gradall 660E

5  and document retention policies.  With respect to the third argument, defendant identifies

6  Interrogatories 9 through 13 as "burdensome and objectionable."  However, they have not

7  provided the court with any understanding as to why or how responding would be

8  burdensome or on what other basis these interrogatories are objectionable.  Defendant

9  argues that plaintiffs' retained experts should work to answer the questions themselves by

10  analyzing the documents and design drawings Gradall has already produced.  However,

11  neither plaintiffs nor defendant have provided the court with enough information

12  regarding whether the documents already produced provide plaintiffs' experts with

13  sufficient factual information for those experts to adequately analyze the data.

14        Nevertheless, when viewing the totality of the requests, the court believes that

15  propounding an additional 43 interrogatories is excessive and would result in an undue

16  burden or cost to defendant.  Having reviewed the proposed interrogatories, the court

17  believes that plaintiff can receive adequate foundational facts with respect to this product

18  liability action with an additional 15 interrogatories.  The court notes that several of the

19  interrogatories may be converted to requests for admission, and many questions lend

20  themselves to precise responses during deposition.  The court also notes that this order

21  does not preclude defendant from asserting all relevant objections to any of the

22  interrogatories that are ultimately propounded.

23

24

25

26

27

ORDER- 3

**B.   Motion to Compel**

1.   <u>Interrogatory No. 11:</u>  Prior to the manufacture of Gradall excavator model G-660 E, Product Identification Number 0165450 was it foreseeable to Gradall that operators of the Gradall series 660 excavators would not use their seatbelts while they were on job sites and off public roadways?

Defendant objected to this interrogatory to the extent that it required an answer to a legal issue, and responded that "Gradall believed and believes that the driver of its excavators should and would wear the available seat belt whether on or off public roadways."  Defendant argues that the term "foreseeable" has a specific legal meaning in products liability cases and that it is impossible for Gradall to determine (in 2013) what was or was not foreseeable in 1992 when the product was manufactured.  Plaintiffs argue that that the term "foreseeable" is used in the factual sense.

Neither party has provided the court with legal authority regarding whether the term "foreseeable" is a legal or factual question in this context.  Nevertheless, given that plaintiffs have indicated that they seek the factual basis, rather than a legal conclusion, defendant's objection is overruled.  The court notes that to the extent that, as defendant has indicated, it is impossible for defendant to determine today whether it was foreseeable in 1992 whether a driver would use the seatbelt, then it may so state in its response.

2.   <u>Interrogatory 17:</u>  Did the Gradall Company do any testing or study regarding the potential for enhanced injuries that could occur if a driver was ejected through the right side window of the forward driver's compartment?

Defendant objected on the ground that it asks about testing or studying an obvious proposition –that there is potential for injury if a driver is ejected out a window of an excavator in a rollover incident, and responded that Gradall included a driver's seat belt for the driver to wear in order to reduce or eliminate the possibility of ejection.

The court agrees with plaintiff that this answer is not responsive.  The question asks whether any testing or study was done.  Defendant must respond to the interrogatory.

ORDER- 4

3. Interrogatory 21: Is the right side window of the forward driver's compartment of the Gradall G-660 E held in place only by the black rubber gasket surrounding it?

Defendant responded by agreeing to produce documents from which the requested information may be derived, pursuant to Rule 33(d).  The court agrees with plaintiffs. Rule 33(d) is inapplicable here.

Rule 33(d) provides that if "an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by" specifying the records and providing copies of those records.  Defendant has not demonstrated that the documents provided are "business records" or that the burden of deriving or ascertaining the answer is the same, where plaintiffs would have to undertake the significant expense of an expert.  Defendant has not indicated that it too would be required to undertake the same expense.  Accordingly, defendant must respond to this interrogatory.

4. Interrogatory 22:  Is the right side window of the forward driver's compartment of the Gradall G-660 E attached to the body of the forward driver's compartment in any way other than being fitted within the black rubber gasket, for instance with rivets or any other type of fastener connecting the window frame directly to the body of the forward compartment?

This interrogatory relates to the prior interrogatory, and the parties have made the same arguments. Accordingly, the court's ruling to the prior interrogatory applies to this one as well.

5. Interrogatory 23:  Are side windows on Gradall excavators currently designed so as not to dislodge or to minimize the potential for becoming dislodged in the event of a rollover accident?

Defendant objected that this interrogatory was vague and overbroad because rollover accidents are all different, and the interrogatory does not provide information about the object and/or forces being exerted against the side window in the hypothetical rollover.  Plaintiff argues that whether the excavator windows are designed to minimize

1  the potential for becoming dislodged and when that design went into effect are relevant to

2  plaintiffs' claims.  However, defendant did not object on the basis of relevance. It

3  objected as to vagueness and over breadth.  The court agrees with defendant that it would

4  be required to speculate based on hypothetical facts and circumstances of a rollover

5  scenario to answer the interrogatory.

6      Accordingly, plaintiffs' request is DENIED with respect to this interrogatory.

7  This ruling applies to interrogatory 24 as well since the parties made the same arguments.

8      6. <u>Interrogatory 26:</u>  With regard to the Gradall excavator Model G-660 E, did the
       Gradall Company intend for the right side window of the forward driver's
9      compartment to dislodge in the event of a right side rollover accident?

10     Defendant objected on the basis of vagueness and over breadth.  Plaintiff again

11  argues that the information is relevant, and does not address the objections raised.

12  Accordingly, the court DENIES this interrogatory as well.

13  **C.   Conclusion**

14     For all the foregoing reasons, the court GRANTS in part and DENIES in part

15  plaintiffs' discovery motions.  Plaintiffs may choose 15 of the proposed interrogatories to

16  propound on defendant.  Defendant must file supplemental responses to interrogatories

17  11, 17, 21, and 22 no later than fourteen (14) days from the date of this order.

18     Dated this 14th day of August, 2013.

19

20

21     The Honorable Richard A. Jones
       United States District Judge
22

23

24

25

26

27

ORDER- 6