HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM K. HOWELL, HEIDI HOWELL,<br><br>             Plaintiffs,<br>    v.<br><br>THE GRADALL COMPANY, et al.,<br><br>             Defendants. | CASE NO. C13-742 RAJ<br><br>ORDER |

This matter comes before the court on defendants' motion to transfer venue.[1]  Dkt. # 10.

The district court has discretion to adjudicate motions to transfer according to an individualized case-by-case consideration of convenience and fairness under 28 U.S.C. § 1404(b).  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Section 1404(a) requires that (1) the district to which defendant seeks to have the action transferred is one in which the action might have been brought, and (2) the transfer be for the convenience of the parties and witnesses and in the interest of justice.  28 U.S.C. § 1404(a).  Plaintiffs do not dispute that this case could have been brought in the Eastern

---

[1] This motion may be decided on the papers submitted.  Accordingly, the plaintiffs' request for oral argument is DENIED.

ORDER- 1

District of Washington.  Rather, they argue that the interests of the parties, witnesses and justice do not favor transfer.

In determining whether the interests of the parties, witnesses and justice favors transfer, courts must weigh multiple factors in its determination whether transfer is appropriate in a particular case. *Jones*, 211 F.3d at 498.  The court may consider the eight private and public interest factors:  (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance; and (8) the ease of access to sources of proof. *Id.* at 498-99.  The court may also consider court congestion, pendency of related litigation in the transferee forum and the public's interest in adjudicating the controversy in the chosen forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  "Because these factors cannot be mechanically applied to all types of cases, they shall be considered here under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005).

**A.  Convenience of the Parties**

A plaintiff's choice of forum is entitled to greater deference when a plaintiff chooses his home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). "Where plaintiffs have virtually no interest in the forum, however, the balance of interests is more easily tipped in favor of a transfer." *Blackmun v. Park W. Galleries, Inc.*, Case No. 08-1310 RSL, 2009 WL 1174639, *3 (W.D. Wash. 2009).

Here, none of the parties reside in the Western District of Washington.[2] None of the events giving rise to plaintiffs' claims occurred here. Plaintiffs do not dispute that they reside in the Eastern District of Washington or that all of the events giving rise to plaintiffs' claims occurred in the Eastern District of Washington. Although Mr. Howell indicates that he has family in the Seattle area and that his preference is that this case be tried in Seattle (Dkt. # 20 (Howell Decl.), this District's interest in the parties or the subject matter is extremely attenuated.[3]

This factor favors transfer.

**B. Convenience of the Witnesses**

The relative convenience of the witnesses is often recognized as the most important factor to be considered in ruling on a section 1404 motion. *Data Retrieval Tech, LLC v. Sybase, Inc.*, Case No. C08-1702 RSM, 2009 WL 960681, *4 (W.D. Wash. 2009). When considering the convenience of the witnesses, the convenience of non-party witnesses is the more important factor. *Amazon.com*, 404 F. Supp. 2d at 1260. The court should consider how many witnesses each side may have and the relative importance of their testimony. *Id.*; *see Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) (noting that the court should have "examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum."). Additionally, the court may consider, "the availability of compulsory process to compel attendance of unwilling non-party witnesses." *See Jones*, 211 F.3d at 499.

Here, none of the potential witnesses identified reside in the Western District of Washington. In their initial disclosures, plaintiffs identify 50 individuals they believed

---

[2] Defendants appear to reside in Ohio.

[3] Although defendants apparently sell products in this District, there is no evidence that the subject excavator was ever in the Western District of Washington, or that any of the design or manufacturing occurred in this District.

likely had discoverable information pursuant to Rule 26(a)(1)(A)(i).  Dkt. # 12-1 at 2-7 (Ex. A to Russell Decl.).  Plaintiffs intend to testify.  Although plaintiffs reside in the Eastern District of Washington, Mr. Howell has indicated that he would not be inconvenienced if he had to travel to Seattle.  Of the 46 non-party individuals, plaintiffs have indicated that they intend to call "one or two of Mr. Howell's treating physicians[,] but that they will likely provide such testimony through videotaped testimony."  Dkt. # 19 at 6 (Opp'n). Plaintiffs also seem to indicate that they intend on calling longtime friends of plaintiffs to testify regarding their observations and contact with plaintiffs before and after the injury. *Id.* at 6.  However, plaintiffs do not indicate the scope of testimony or how many of those nine identified friends they intend to call.  All of these friends reside in the Eastern District of Washington, although two have provided declarations that traveling to Seattle would not be an inconvenience.  The only other third-party testimony that plaintiffs indicate they intend to call as witnesses are three expert witnesses who do not reside in Washington.  These expert witnesses have submitted declarations indicating that it would be more convenient to travel to Seattle as opposed to Spokane.

      Defendants have indicated that they will call a number of witnesses who arrived after the accident who will testify about Mr. Howell's body position, as well as the investigator, but defendants have not indicated how many of these eight employees they will call.  The court recognizes that this case is still in its early stages.  Regardless, all of these witnesses reside in the Eastern District of Washington.  Defendants concede that they do not know the exact details of each of the damages issue that will be in dispute at trial, but indicate that they anticipate calling Mr. Howell's treating physicians and other care providers at trial.  All of these witnesses reside in the Eastern District of Washington.

      Neither party has addressed whether any of the potential non-party witnesses are within the subpoena power of the court, in case those witnesses do not agree to

voluntarily appear.[4]  However, subpoenas for compelled testimony may be quashed when the non-party witness would be required to travel more than 100 miles from where that person resides, is employed or regularly transacts business.  *See* Fed. R. Civ. Proc. 45(c)(3)(A)(ii). The Western District of Washington Courthouse is more than 100 miles from all of the addresses provided for every potential third-party witness.

Given the fact that none of the potential witnesses reside in the Western District of Washington, and all of the non-party witnesses are outside this court's reach for compulsory process, the court finds that this factor weighs in favor of transfer.

**C.  Interest of Justice**

The interest of justice factor is perhaps the most important. *Amazon.com*, 404 F. Supp. 2d at 1261.  In considering the interest of justice, the court weighs such factors as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case. *Id.*

The parties refer the court to the 2012 Federal Court Management Statistics. Dkt. # 12-1 at 53-56 (Exs. F & G to Russel Decl.).  Plaintiffs argue that this District appears to progress to resolution faster than in the Eastern District of Washington.  However, the statistics as to the speedier disposition or speedier trial offered in this District are illusory because the statistics do not reflect this court's significant case load.  Additionally, both districts can equally apply the applicable law and decide this case.  Accordingly these factors are neutral.

Finally, while this District has some interest in the subject matter of this lawsuit since defendants sell products here, the Eastern District of Washington has a much

---

[4] Although the attorney for East Columbia Basin Irrigation District ("ECBID") has indicated that ECBID will cooperate with the parties to make employees available for trial, cooperation is premised on the condition that "the request does not substantially interfere with the operation of [ECBID] and *any necessary travel and lodging are paid by the requesting party*." Dkt. # 21 (Lemargie Decl.) ¶ 3 (emphasis added).  This representation seems to indicate that if travel and lodging are not paid, compulsory process would be necessary.

greater interest in resolving this dispute given that plaintiffs reside there, the vast majority of potential witnesses reside there, the subject excavator was located there, the accident occurred there, and Mr. Howell obtained treatment from physicians and other health care providers after the accident through present day there.  Accordingly, this factor tips in favor of transfer.

**D. Balance of Factors**

The court finds that on balance, defendants have met their burden of showing that the convenience of the parties, the convenience of the witnesses, and the interests of justice favor transfer to the Eastern District of Washington.  28 U.S.C. § 1404.

**E. Conclusion**

For all the foregoing reasons, the court GRANTS defendants' motion to transfer venue.  Dkt. # 10.  The Clerk is DIRECTED to transfer this case to the United States District Court, Eastern District of Washington.

Dated this 19th day of September, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge